

1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar Number 13644
3  PETER S. LEVITT
   Assistant United States Attorney
4  501 Las Vegas Blvd. South, Suite 1100
   Las Vegas, Nevada 89101
5  Phone: (702) 388-6336
   Email: peter.s.levitt@usdoj.gov
6
   *Attorneys for the United States of America*
7

8             **UNITED STATES DISTRICT COURT**
              **FOR THE DISTRICT OF NEVADA**
9
   UNITED STATES OF AMERICA,          Case No.: 2:18-CR-00169 JCM-NJK
10
              Plaintiff,
11                                     **Plea Agreement for Defendant**
          v.                           **Leslie Kalyn Pursuant to Fed. R. Crim. P.**
12                                     **11(c)(1)(A) and (B)**
   LESLIE KALYN,
13
              Defendant.
14

15        This plea agreement between LESLIE KALYN ("defendant") and the United States

16  Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

17  regarding the criminal charges referenced herein and the applicable sentences, fines and

18  restitution in the above-captioned case. This agreement binds only defendant and the USAO and

19  does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or

20  foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does

21  not prohibit the USAO or any agency or third party from seeking any other civil or

22  administrative remedies, including civil forfeiture *in rem,* directly or indirectly against defendant

23  or defendant's property.

24

1       This agreement becomes effective upon signature by defendant, defendant's counsel, and

2 an Assistant United States Attorney.

3 **I. DEFENDANT'S OBLIGATIONS**

4     1.     Defendant agrees to:

5           a.     At the earliest opportunity requested by the USAO and provided by the

6 district court, appear and plead guilty to a one-count Superseding Criminal Information, which

7 charges defendant with *Illegal Remunerations for Health Care Referrals*, in violation of 42 U.S.C.

8 § 1320a-7b(b)(1)(A);

9           b.     Stipulate to the facts agreed to in this agreement;

10           c.     Abide by all agreements regarding sentencing contained in this agreement;

11           d.     Not seek to withdraw defendant's guilty plea once it is entered;

12           e.     Appear for all court appearances, surrender as ordered for service of

13 sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

14           f.     Not commit any federal, state, or local crime;

15           g.     Be truthful at all times with the U.S. Probation and Pretrial Services Offices

16 and the Court;

17           h.     Before and after sentencing, upon request by the Court, the USAO, or the

18 Probation Office, provide accurate and complete financial information, submit sworn

19 statements, and/or give depositions under oath concerning defendant's assets and defendant's

20 ability to pay. As part of the required disclosure, defendant agrees to provide any and all

21 financial information and authorizations requested by the Probation Office for preparation of the

22 Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is

23 authorized to obtain defendant's credit report. Defendant will also complete a financial form

24 provided by the USAO, to include all supporting documentation, and return it to the USAO

1  within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter

2  any order necessary to effectuate or facilitate disclosure of defendant's financial information.

3        i.      To facilitate payment of any fine, forfeiture, restitution, or assessment,

4  surrender assets defendant obtained directly or indirectly as a result of defendant's crimes.

5  Defendant agrees to voluntarily release funds and property under defendant's control or in which

6  defendant has any property interest, before and after sentencing, to pay any fine or restitution

7  identified in this agreement, agreed to by the parties, or ordered by the Court.

8        j.      Defendant agrees that restitution shall be ordered due and payable in full

9  immediately after the judgment is entered, and that the full amount of any restitution ordered is

10  subject to immediate enforcement and collection by the USAO or defendant's victims, or both.

11  Defendant agrees that any schedule of payments entered by the district court is a schedule of the

12  minimum payment due and does not prohibit or limit the methods by which the USAO may

13  immediately enforce and collect the judgment in full. Defendant acknowledges that restitution

14  may not be discharged, in whole or in part, in any present or future bankruptcy proceeding.

15                              **II. THE USAO'S OBLIGATIONS**

16  2.      The USAO agrees to:

17        a.      Stipulate to facts agreed to in this agreement;

18        b.      Abide by all agreements regarding sentencing contained in this agreement;

19        c.      At sentencing, provided that defendant demonstrates an acceptance of

20  responsibility for the offense up to and including the time of sentencing, recommend a two-level

21  reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and

22  move for an additional one-level reduction if available under that section;

23        d.      At sentencing, move to dismiss the indictment as against defendant.

24  Defendant agrees, however, that the district court may consider any dismissed charges in

1   determining the applicable sentencing guidelines range, the propriety and extent of any departure

2   from that range, and the sentence to be imposed; and

3          e.      Not bring any additional charges against defendant arising out of the

4   investigation in the District of Nevada which culminated in this agreement and based on

5   conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for

6   (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations

7   (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant

8   agrees that the district court at sentencing may consider any uncharged conduct in determining

9   the applicable sentencing guidelines range, the propriety and extent of any departure from that

10  range, and the sentence to be imposed after consideration of the sentencing guidelines and all

11  other relevant factors under 18 U.S.C. § 3553(a).

12                         **III. ELEMENTS OF THE OFFENSE**

13      3.     <u>Count One</u>: The elements of Illegal Remunerations for Health Care Referrals, in

14  violation of 42 U.S.C. § 1320a-7b(b)(1)(A), are as follows:

15      <u>First</u>:  Defendant knowingly and willfully solicited or received remuneration directly or

16  indirectly, overtly or covertly, in cash or in kind;

17      <u>Second</u>: Defendant did so in return for referring an individual to a person for the

18  furnishing or arranging for the furnishing of any item or service; and

19      <u>Third:</u> Payment for the item or service may be made in whole or in part under a Federal

20  health care program.

20  42 U.S.C. § 1320a-7b(b)(1)(A); *United States v. Hong*, 938 F.3d 1040 (9th Cir. 2019).

21                      **IV. CONSEQUENCES OF CONVICTION**

22      4.     <u>Maximum Statutory Penalties</u>:

23          *a.*     Defendant understands that the statutory maximum sentence the district

24  court can impose for a violation of 42 U.S.C. § 1320a-7b(b)(1)(A), is: 10 years imprisonment; a

1   3-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss

2   resulting from the offenses, whichever is greatest; and a mandatory special assessment of $100.

3       5.   <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence

4   cannot be shortened by early release on parole because parole has been abolished.

5       6.   <u>Supervised Release</u>: Defendant understands that supervised release is a period of

6   time following imprisonment during which defendant will be subject to various restrictions and

7   requirements. Defendant understands that if defendant violates one or more of the conditions of

8   any supervised release imposed, defendant may be returned to prison for all or part of the term of

9   supervised release authorized by statute for the offense that resulted in the term of supervised

10  release, which could result in defendant serving a total term of imprisonment greater than the

11  statutory maximum stated above.

12      7.   <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court

13  must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.

14  However, the statutory maximum sentence limits the district court's discretion in determining

15  defendant's sentence.

16      8.   <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by

17  pleading guilty, defendant may be giving up valuable government benefits and valuable civic

18  rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the

19  right to serve on a jury. Defendant understands that once the district court accepts defendant's

20  guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.

21  Defendant understands that the conviction in this case may also subject defendant to various

22  other collateral consequences, including but not limited to revocation of probation, parole, or

23  supervised release in another case and suspension or revocation of a professional license.

24

1   Defendant understands that unanticipated collateral consequences will not serve as grounds to

2   withdraw defendant's guilty plea.

3         9.    <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant

4   understands that, if defendant is not a United States citizen, the felony conviction in this case

5   may subject defendant to removal, also known as deportation, which may, under some

6   circumstances, be mandatory; denial of citizenship; and denial of admission to the United States

7   in the future. The district court cannot, and defendant's attorney also may not be able to, advise

8   defendant fully regarding the immigration consequences of the felony conviction in this case.

9   Defendant understands that unexpected immigration consequences will not serve as grounds to

10   withdraw defendant's guilty plea.

11                                 **V. FACTUAL BASIS**

12         10.    Defendant admits that defendant is, in fact, guilty of the offense to which

13   defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to

14   trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable

15   doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set

16   forth below satisfy every element of the charged offense. Defendant waives any potential future

17   claim that the facts defendant admitted below are insufficient to satisfy the elements of the

18   charged offense. Defendant admits and declares under penalty of perjury that the facts set forth

19   below are true and correct:

20         11.    From in or about November 2016 to in or about April 2017, the Defendant,

21   LESLIE KALYN, worked at Human Behavior Institute (HBI). HBI's practitioners develop and

22   implement managed behavioral health services and employee assistance programs.

23         12.    Defendant worked as an Advance Practice Registered Nurse (APRN) at HBI.

24

1    13.    Defendant agreed to enter into a kickback scheme with Nelson Mukuna, the

2    owner of Atlas Pharmacy. The scheme involved defendant prescribing Lidocaine, Modafinil,

3    and Diclofenac Sodium prescriptions that were filled and processed by Atlas Pharmacy and that

4    were medically unnecessary. The prescriptions were medically unnecessary because there was no

5    medical need, or sparse documentation in the patient files to support the patient's actual medical

6    need for these expensive specialty prescriptions, especially as part of a behavioral health practice.

7    In addition, on some occasions, prescriptions for these drugs were called into Atlas Pharmacy

8    without the patient even knowing that the medications had been prescribed.

9    14.    Atlas Pharmacy processed defendant's patients' prescriptions through Medicaid

10   for payments of these prescriptions that the patients did not receive or that were not medically

11   necessary.  Defendant and her coconspirators utilized these specific drugs because they would

12   produce a high dollar profit for the Atlas Pharmacy and because defendant and her

13   coconspirators knew it would be easier for them to prescribe without scrutiny given the

14   medications were not highly regulated Schedule II prescription drugs.

15   15.    Atlas Pharmacy submitted approximately 4,555 Medicaid claims for Lidocaine.

16   Out of these total claims for Lidocaine, Atlas Pharmacy identified defendant as being the

17   ordering provider on 912 claims which resulted in pecuniary harm to Medicaid. Claims where

18   defendant was listed as being the ordering provider attributed to approximately 33% of the total

19   Lidocaine claim payments received by Atlas Pharmacy.

20   16.    Atlas Pharmacy submitted approximately 2,088 Medicaid claims for Modafinil.

21   Out of these total claims for Modafinil, Atlas Pharmacy identified defendant as being the

22   ordering provider on 372 claims, which resulted in pecuniary harm to Medicaid. Claims where

23   defendant was listed as being the ordering provider attributed to approximately 20% of the total

24   Modafinil claim payments received by Atlas Pharmacy.

17. Defendant and her coconspirators willfully and knowingly ordered prescriptions of Lidocaine and Modafinil that were not actually prescribed to patients and did so in consideration of remuneration in cash. These actions resulted in actual pecuniary harm to Medicare Part B and D, as well as Medicaid.

18. As part of the scheme, defendant admits that Nelson Mukuna, the owner of Atlas Pharmacy, paid defendant cash payments in exchange for defendant referring patients to Atlas Pharmacy for prescriptions that were medically unnecessary.

19. All of the foregoing occurred in the State and Federal District of Nevada and elsewhere.

## VI. SENTENCING FACTORS

20. <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds up to the maximum set by statute for the crime of conviction.

21. <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in calculating Defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense

1  level or any other specific offense characteristics, enhancements, or reductions in calculating the

2  advisory guidelines range, except as expressly noted in the following paragraph:

**Count 1:** 42 U.S.C. § 1320a-7b(b)(1)(A)

| Offense Level Calculation | | USSG |
|---|---|---|
| Base Offense Level | 6 | §2B1.1(a)(2) |
| Use of Special Skill | +2 | § 3B1.3 |
| Mitigating Role | -2 | § 3B1.2 (a) |

Defendant and the USAO reserve the right to argue that the following additional specific

offense characteristics, adjustments, and departures under the sentencing guidelines are

appropriate: 1) the applicability of an enhancement under U.S.S.G. § 2B1.1(b)(1); and 2) the

applicability of an enhancement under U.S.S.G. § 2B1.1(7)(B)(i).

22.     Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO

will recommend that defendant receive a two-level downward adjustment for acceptance of

responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the

guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the

amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit

facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides

false or misleading information to the USAO, the Court, Pretrial Services, or the Probation

Office; (e) denies involvement in the offense or provides conflicting statements regarding

defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense;

(f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime;

(h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense

level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level

1  downward adjustment pursuant to the preceding paragraph, the USAO will move for an

2  additional one-level downward adjustment for acceptance of responsibility before sentencing

3  because defendant communicated defendant's decision to plead guilty in a timely manner that

4  enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

5       23.    <u>Criminal History Category</u>. Defendant acknowledges that the district court may

6  base defendant's sentence in part on defendant's criminal record or criminal history. The district

7  court will determine defendant's criminal history category under the sentencing guidelines.

8       24.    <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines

9  calculations are based on information now known to the parties. Defendant understands that

10  both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying

11  relevant information to the U.S. Probation and Pretrial Services Offices and the district court

12  regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or

13  mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the

14  district court's sentencing guidelines calculations and determination of sentence. While this

15  paragraph permits both the USAO and defendant to submit full and complete factual

16  information to the U.S. Probation and Pretrial Services Offices and the district court, even if that

17  factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

18  paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed

19  to in this agreement. Good faith efforts to provide truthful information or to correct factual

20  misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

21       Defendant acknowledges that the U.S. Probation Office may calculate the sentencing

22  guidelines differently and may rely on additional information it obtains through its investigation.

23  Defendant also acknowledges that the district court may rely on this and other additional

24  information as it calculates the sentencing guidelines range and makes other sentencing

1    determinations, and the district court's reliance on such information shall not be grounds for

2    defendant to withdraw defendant's guilty plea.

3    ### VII. POSITIONS REGARDING SENTENCING

4        25.    The USAO will recommend that the district court sentence defendant at the low

5    end of the advisory guideline range as determined by the district court. Defendant may argue

6    for a downward variance pursuant to 18 U.S.C. § 3553.

7        26.    Defendant acknowledges that the district court does not have to follow the

8    recommendation of either party.

9        27.    Notwithstanding its agreement to recommend a sentence as described above, the

10   USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-

11   conviction litigation.

12       28.    If defendant commits any act that results in the Court finding that defendant is

13   not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to

14   argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event,

15   Defendant remains bound by the provisions of this agreement and shall not have the right to

16   withdraw defendant's guilty plea.

17   ### VIII. WAIVER OF CONSTITUTIONAL RIGHTS

18       29.    Defendant understands that by pleading guilty, defendant gives up the following

19   rights:

20           a.    The right to persist in a plea of not guilty;

21           b.    The right to a speedy and public trial by jury;

22           c.    The right to be represented by counsel—and if necessary have the court

23   appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to

24

1  be represented by counsel—and if necessary have the court appoint counsel—at every other stage

2  of the proceeding;

3          d.     The right to be presumed innocent and to have the burden of proof placed

4  on the USAO to prove defendant guilty beyond a reasonable doubt;

5          e.     The right to confront and cross-examine witnesses against defendant;

6          f.     The right to testify and to present evidence in opposition to the charges,

7  including the right to compel the attendance of witnesses to testify;

8          g.     The right not to be compelled to testify, and, if defendant chose not to

9  testify or present evidence, to have that choice not be used against defendant; and

10          h.     The right to pursue any affirmative defenses, Fourth Amendment or Fifth

11  Amendment claims, and any other pretrial motions that have been filed or could be filed.

12  **IX. WAIVER OF APPELLATE RIGHTS**

13      30.    <u>Waiver of Appellate Rights</u>. Defendant knowingly and expressly waives: (a) the

14  right to appeal any sentence imposed within or below the applicable Sentencing Guideline range

15  as determined by the district court; (b) the right to appeal the manner in which the district court

16  determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal

17  any other aspect of the conviction, including but not limited to the constitutionality of the statute

18  of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

19      31.    Defendant reserves only the right to appeal any portion of the sentence that is an

20  upward departure or variance from the applicable Sentencing Guideline range as determined by

21  the district court.

22      32.    <u>Waiver of Post-Conviction Rights</u>. Defendant also knowingly and expressly

23  waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's

24

1    conviction, sentence, and the procedure by which the district court adjudicated guilt and

2    imposed sentence, except non-waivable claims of ineffective assistance of counsel.

3       33.    <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the

4    agencies investigating this case are not obligated or required to preserve any evidence obtained in

5    the investigation of this case.

6

7

**X. RESULT OF WITHDRAWAL OF GUILTY PLEA
OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION**

8       34.    <u>Consequence of withdrawal of guilty plea</u>: Defendant agrees that if, after entering

9    a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in

10    withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into

11    this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under

12    this agreement and (b) should the USAO choose to pursue any charge that was either dismissed

13    or not filed as a result of this agreement, then (i) any applicable statute of limitations will be

14    tolled between the date of defendant's signing of this agreement and the filing commencing any

15    such action; and (ii) defendant waives and gives up all defenses based on the statute of

16    limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such

17    action, except to the extent that such defenses existed as of the date of defendant's signing this

18    agreement.

19       35.    <u>Consequence of vacatur, reversal, or set-aside</u>: Defendant agrees that if

20    defendant's conviction is vacated, reversed, or set aside, imposed by the district court to which

21    the parties stipulated in this agreement is vacated or set aside, both the USAO and defendant will

22    be released from all their obligations under this agreement, except that, should the USAO choose

23    to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i)

24    any applicable statute of limitations will be tolled between the date of defendant's signing of this

13

1  agreement and the filing commencing any such action; and (ii) defendant waives and gives up all

2  defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

3  trial claim with respect to any such action, except to the extent that such defenses existed as of

4  the date of defendant's signing this agreement.

5  **XII. BREACH OF AGREEMENT**

6      36.    Defendant agrees that if, at any time after this agreement becomes effective,

7  defendant knowingly violates or fails to perform any of defendant's obligations under this

8  agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's

9  obligations are material, a single breach of this agreement is sufficient for the USAO to declare a

10  breach, and defendant shall not be deemed to have cured a breach without the express agreement

11  of the USAO in writing. If the USAO declares this agreement breached, and the district court

12  finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea

13  pursuant to this agreement, defendant will remain bound by the provisions of this agreement and

14  will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its

15  obligations under this agreement.

16      37.    Following the Court's finding of a knowing breach of this agreement by defendant,

17  should the USAO choose to pursue any charge that was either dismissed or not filed as a result

18  of this agreement, then:

19          a.    Defendant agrees that any applicable statute of limitations is tolled between

20  the date of defendant's signing of this agreement and the filing commencing any such action.

21          b.    Defendant waives and gives up all defenses based on the statute of

22  limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such

23  action, except to the extent that such defenses existed as of the date of defendant's signing this

24  agreement.

1            c.     Defendant agrees that: (i) any statements made by defendant, under oath,

2    at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual

3    basis statement in this agreement; and (iii) any evidence derived from such statements, shall be

4    admissible against defendant in any such action against defendant, and defendant waives and

5    gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence

6    410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or

7    any evidence derived from the statements should be suppressed or are inadmissible.

8

9    ### XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

10        38.     Defendant understands that the Court and the U.S. Probation and Pretrial

11   Services Office are not parties to this agreement and need not accept any of the USAO's

12   sentencing recommendations or the parties' agreements to facts or sentencing factors.

13        39.     Defendant understands that both defendant and the USAO are free to argue on

14   appeal and collateral review that the district court's sentencing guidelines calculations and the

15   sentence it chooses to impose are not error.

16        40.     Defendant understands that even if the district court ignores any sentencing

17   recommendation, finds facts or reaches conclusions different from those agreed to by the parties,

18   or imposes any sentence up to the maximum established by statute, defendant cannot, for that

19   reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all

20   defendant's obligations under this agreement. Defendant understands that no one—not the

21   prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise

22   regarding the sentence defendant will receive, except that it will be within the statutory

23   maximum.

24

# XIV. ADDITIONAL ACKNOWLEDGMENTS

41.  The Defendant acknowledges that:

a.  Defendant read this agreement, and defendant understands its terms and conditions.

b.  Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.  Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.  Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.  Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f.  The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

g.  Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

42.  Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

1     43.     Defendant understands that no promises, understandings, or agreements other

2  than those set forth in this agreement have been made or implied by defendant, defendant's

3  attorney, or the USAO, and no additional promises, agreements, or conditions shall have any

4  force or effect unless set forth in writing and signed by all parties or confirmed on the record

5  before the district court.

6     44.     Defendant acknowledges that defendant decided to plead guilty voluntarily and

7  that no one threatened, coerced, or forced defendant to enter into this agreement.

8     45.     Defendant is satisfied with the representation of defendant's attorney, and

9  defendant is pleading guilty because defendant is guilty of the charges and chooses to take

10  advantage of the promises set forth in this agreement and for no other reason.

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

## XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

46.     The parties agree that this agreement will be considered part of the record of

defendant's guilty plea hearing as if the entire agreement had been read into the record of the

proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

NICHOLAS A. TRUTANICH
United States Attorney

_____          7-2-2020
PETER S. LEVITT                            Date
Assistant United States Attorney


_____          7/2/20
LESLIE KALYN                               Date
Defendant


_____          7-2-2020
PETER CHRISTIANSEN                         Date
Attorney for Defendant LESLIE KALYN